# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEGERALD R. WILSON,
        Appellant,

      v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DA-3330-14-0422-I-1

DATE: June 11, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

DeGerald R. Wilson, San Antonio, Texas, pro se.

Sally R. Bacon, Esquire, Fort Lee, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) and the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). Generally, we grant petitions such as this one only when: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We AFFIRM the initial decision as to the appellant's USERRA claim.  We VACATE the initial decision as to his VEOA claims, and DISMISS them for lack of jurisdiction without reaching the merits.

¶2    In September 2013, the agency posted a vacancy announcement, DECA-13-951750-DE, for the part-time position of Store Worker.  Initial Appeal File (IAF), Tab 1 at 4-9.  The posting covered vacancies in numerous locations.  *Id*. at 8-9.  The appellant applied for the vacancies in Fort Sam Houston, Randolph Air Force Base, Lackland Air Force Base, and San Antonio.  *See* IAF, Tab 13 at 14.  However, he was not selected for any of them.  *See id*. at 14, 18.

¶3    The appellant filed a complaint with the Department of Labor (DOL) regarding his nonselection.  *See* IAF, Tab 9 at 3-4.  In May 2014, DOL informed the appellant that it had completed its investigation and determined that he did not meet the eligibility requirements for veterans' preference.  *Id*. at 4.  Subsequently, he appealed his nonselection to the Board.  IAF, Tab 1 at 1-2, 12.

¶4 The administrative judge construed the appellant's appeal as both a VEOA claim and a USERRA claim.[2] IAF, Tabs 7-8. After holding the requested hearing, IAF, Tab 24, Hearing Compact Disk (HCD), the administrative judge issued a decision denying the appellant's request for corrective action under both statutes, ID. The appellant has filed a petition for review.[3] Petition for Review (PFR) File, Tabs 1-2.

The appellant's VEOA claim is dismissed for lack of jurisdiction without reaching the merits.

¶5 Below, the administrative judge found that the appellant met his jurisdictional burden under VEOA, but that he failed to prove that the agency violated any of his rights. ID at 2-7. In doing so, the administrative judge erred. We find that the administrative judge should have instead dismissed the VEOA claims for lack of jurisdiction. *See Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶¶ 1, 4 (2010) (vacating an initial decision on the merits to dismiss for lack of jurisdiction under VEOA because jurisdiction is a threshold issue).

¶6 VEOA provides a means for qualified veterans to seek redress from the Board for violations of veterans' preference rights and denials of the right to

[2] In his initial appeal, the appellant checked the box to indicate that he was alleging prohibited discrimination based upon race, color, religion, sex, national origin, disability, or age. IAF, Tab 1 at 12. However, the administrative judge properly declined to adjudicate these claims. IAF, Tab 25, Initial Decision (ID) at 2 n.1. Discrimination claims do not provide an independent basis for Board jurisdiction. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). In addition, the Board lacks the authority to adjudicate claims of discrimination in a nonselection appeal under VEOA or USERRA. *Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 11 (2005).

[3] In his petition for review, the appellant again disputed his nonselection for the vacant positions, generally. PFR File, Tab 1. Among other things, he questions whether nonveterans were selected for the positions at issue. *Id.* at 3. Although it is unclear if he was disputing the administrative judge's findings under both VEOA and USERRA, we have considered his petition as reasserting claims under both statutes. *See generally Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 5 n.1 (2010) (the Board construes pro se pleadings liberally).

compete for certain vacancy announcements. *See* 5 U.S.C. § 3330a(a)(1)(A)-(B); *see generally Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 7 (2006) (a nonselection is not an action directly appealable to the Board, but may be brought under either USERRA or VEOA). However, because the appellant is not a preference eligible or qualified veteran under VEOA, his claim must be dismissed for lack of Board jurisdiction.

¶7        There are two types of VEOA claims, veterans' preference claims under 5 U.S.C. § 3330a(a)(1)(A), and right-to-compete claims under 5 U.S.C. § 3330a(a)(1)(B). To establish jurisdiction over a 5 U.S.C. § 3330a(a)(1)(A) veterans' preference claim, an appellant must (1) show that he has exhausted his DOL remedy, and (2) make nonfrivolous allegations that he is a preference eligible within the meaning of VEOA; that the actions at issue occurred on or after the October 30, 1998 enactment date of VEOA; and that the agency violated his rights under a statute or regulation related to veterans' preference. *Vores v. Department of Army*, 109 M.S.P.R. 191, ¶ 17 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009). To establish jurisdiction over a 5 U.S.C. § 3330a(a)(1)(B) right-to-compete claim, an appellant must (1) show that he exhausted his remedy with DOL, and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004, and (iii) the agency denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). *Becker*, 115 M.S.P.R. 409, ¶ 5.

¶8        Here, the appellant repeatedly has insinuated that he is a preference-eligible veteran. *See, e.g.*, IAF, Tab 9 at 1. However, when he sought relief from DOL prior to his Board appeal, DOL determined that he was not entitled to any veterans' preference. IAF, Tab 1 at 3, Tab 13 at 20. In addition, although the appellant claimed a 5-point veterans' preference in his application for the Store

Worker vacancy, IAF, Tab 13 at 14, the agency has indicated that if his application had not otherwise been eliminated from further consideration, this claimed preference would have been rejected, *see* HCD (testimony of Supervisory Human Resources Specialist, R.W.).

¶9  Pursuant to 5 U.S.C. § 2108(1)(C), (3)(B), preference eligibility generally applies to a veteran who "served on active duty as defined by section 101(21) of title 38 in the armed forces during the period beginning on August 2, 1990, and ending on January 2, 1992." The appellant's service fell within this date range. *See* IAF, Tab 11 at 11 (the appellant's DD-214, documenting his service from August 29, 1990, to October 19, 1990), Tab 13 at 45 (same). Nevertheless, based upon the type and duration of his service, we find that the appellant failed to nonfrivolously allege that he is preference-eligible.

¶10  "Active duty" includes "full-time duty in the Armed Forces, other than active duty for training." 38 U.S.C. § 101(21)(A); *see Gordon-Cureton v. U.S. Postal Service*, 105 M.S.P.R. 165, ¶¶ 7-8 (2007) (discussing the definition of "active duty" and the limitation for training). Here, the appellant acknowledged that he participated in basic training, but separated from the Army before completing any active duty. *See* HCD. Accordingly, the appellant's service does not meet the "active duty" element required for veterans' preference.

¶11  In addition to the above, an individual who entered on active duty after October 13, 1982, and who was discharged or released from a period of active duty before completing the shorter of either 24 months of continuous active duty, or the full period for which he was called or ordered to active duty, is generally not eligible for any benefit based on meeting the definition of preference-eligible in 5 U.S.C. § 2108(3). 38 U.S.C. § 5303A(d); *Gordon-Cureton*, 105 M.S.P.R. 165, ¶ 11. Here, even if the appellant's service constituted "active duty," he completed approximately 2 months of service, IAF, Tab 11 at 11, Tab 13 at 45, far short of the minimum service requirement. Although the statute imposing the minimum service requirement provides exemptions for discharges from active

duty under sections 1171 and 1173 of Title 10, discharges for a disability incurred or aggravated in the line of duty, and persons with a service-connected disability, 38 U.S.C. § 5303A(d)(3)(A), the appellant has presented nothing to suggest that any of the exemptions apply to him. Instead, the record indicates that the minimum service requirement does apply because he was discharged for failing to meet fitness standards. IAF, Tab 13 at 44-45.[4]

¶12    Because the appellant failed to nonfrivolously allege that he met the active duty or minimum service requirements to be preference-eligible, his 5 U.S.C. § 3330a(a)(1)(A) veterans' preference claim must be dismissed for lack of jurisdiction. Similarly, his 5 U.S.C. § 3330a(a)(1)(B) right-to-compete claim must be dismissed for lack of jurisdiction because the appellant failed to nonfrivolously allege that he is preference-eligible or that he separated from the armed forces after 3 years or more of active service. *See* 5 U.S.C. § 3304(f)(1).

The administrative judge properly denied the appellant's request for corrective action under USERRA.

¶13    To prevail on the merits of a USERRA claim under 38 U.S.C. § 4311(a), an appellant must prove by preponderant evidence that his uniformed service was a substantial or motivating factor in the agency's action. *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 5 (2013). If the appellant makes that showing, the agency can avoid liability by showing, as an affirmative defense, that it would have taken the same action for a valid reason without regard to his uniformed

---

[4] The record contains multiple copies of the appellant's DD-214. A portion of one copy contains a blacked out section. IAF, Tab 11 at 11. Accordingly, we have relied only on the other copies, which show that the appellant was discharged from the military based upon the following: "did not meet procurement medical fitness standards – no disability." IAF, Tab 11 at 12, Tab 13 at 45; *see id.*, Tab 13 at 44 (October 12, 1990 medical record noting that the appellant has a history of joint complaints since a football injury in 1980, detailing limitations, and recommending that he be separated from the Army).

service.  *Id*.  An agency therefore violates section 4311(a) if it would not have taken the action but for the appellant's uniformed service.  *Id*.

¶14     The administrative judge noted that the appellant offered no evidence that his uniformed service was a substantial or motivating factor in his nonselection. *See* ID at 8.  She found that the appellant's military service was more than 20 years prior to his application for the Store Worker position and that the record contained nothing to suggest the agency harbored any dislike for the appellant or other persons protected by USERRA.  ID at 8; *see generally* IAF, Tab 13 at 18 (indicating that the appellant's application was screened out based upon his low score, without ever being reviewed by any person); HCD (testimony of R.W., indicating that the appellant was eliminated from further consideration based solely on the low score he received from the experience questionnaire and that a veteran was hired for each of the vacancies the appellant sought).  Accordingly, the administrative judge concluded that the appellant's USERRA claim failed.  ID at 8.  We agree.  In the absence of any evidence below or on review that his uniformed service was a substantial or motivating factor in his nonselection, the appellant has failed to prove a violation of 38 U.S.C. § 4311(a).  *See Burroughs*, 120 M.S.P.R. 392, ¶ 6 (finding that the appellant failed to meet his burden of proof under USERRA where he provided speculation, but no evidence, that his uniformed service was a substantial or motivating factor in his nonselection for a vacancy).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.