# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARIA DE LA CRUZ MAGOWAN, <br>                Appellant, | DOCKET NUMBER <br> DC-1221-15-0671-B-1 |
|        v. | |
| ENVIRONMENTAL PROTECTION <br>    AGENCY, <br>                Agency. | DATE: March 9, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Maria de la Cruz MaGowan, Bethesda, Maryland, pro se.

Alexandra Meighan and Edward O. Sweeney, Washington, D.C., for the
agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the remand initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2 The Board remanded this IRA appeal because we found that the appellant had exhausted her administrative remedies before the Office of Special Counsel and made nonfrivolous allegations that she had made a protected disclosure that was a contributing factor in a personnel action, thus establishing jurisdiction over the appeal. *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-15-0671-W-1, Remand Order (June 7, 2016) (Remand Order).

¶3 On remand, the appellant confirmed that she did not wish to request a hearing in the matter. *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-15-0671-B-1, Remand File (RF), Tab 3, Tab 18 at 5, Tab 19 at 1. In keeping with the appellant's wishes, the administrative judge canceled

the hearing and scheduled a close-of-record conference at which he enumerated the issues presented in this appeal, set forth the relevant burdens of proof, and set a date by which the parties were required to submit their evidence and argument before the record closed. RF, Tabs 19, 23. In his summary of the close-of-record conference, the administrative judge identified the following issues: (1) whether the appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8); (2) whether the appellant's protected disclosure was a contributing factor in the alleged personnel action—the creation of a hostile work environment; and (3) if so, whether the agency can show by clear and convincing evidence that it would have taken the same action absent the protected disclosure. RF, Tab 23 at 1. Both parties made close-of-record submissions and neither party objected to the administrative judge's recitation of the issues presented in the appeal. RF, Tabs 24-25.

¶4      In a remand initial decision based on the written record, the administrative judge found that, although the appellant established that she made a protected disclosure, she failed to establish by preponderant evidence that the agency took or failed to take a personnel action against her. RF, Tab 26, Remand Initial Decision (RID) at 6-17. As to the personnel action, he determined that each of the appellant's allegations, considered both individually and collectively, lacked the severity to constitute a hostile work environment. RID at 7-17. He further found that, even if the appellant had met her burden as to the personnel action, she failed to establish that her protected disclosure was a contributing factor in the alleged personnel action. RID at 17-19.

¶5      The appellant has filed a petition for review. Remand Petition for Review (RPFR) File, Tab 1 at 1. On review, she contends that the administrative judge either ignored or did not accept her witnesses and evidence, and also denied her right to discovery. She argues that the administrative judge arbitrarily considered events other than the three instances that she alleged she suffered from her supervisor's violent behavior, and she asserts that he abused his discretion in

conducting the appeal. *Id.* at 2-3. She also contends that the administrative judge failed to require the agency to establish by clear and convincing evidence that it took similar actions against employees who are not whistleblowers but are similarly situated, and challenges his interpretation of the evidence. *Id.* at 3-5. The agency has filed a response in opposition to the appellant's petition for review. RPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 When reviewing the merits of an IRA appeal, the Board must determine whether the appellant has established by preponderant evidence that she made a protected disclosure that was a contributing factor in the agency's decision to take or fail to take a personnel action. *E.g.*, *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 10 (2014). A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. *Id.* If the appellant meets that burden, the Board must order corrective action unless the agency can establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *Id.*

The appellant met her burden of establishing that she made a protected disclosure.

¶7 In the remand initial decision, the administrative judge found that the appellant met her burden of establishing by preponderant evidence that she made a protected disclosure when, in April 2003, she disclosed to the agency's Office of Inspector General (OIG) alleged agency wrongdoing. RID at 6-7. Specifically, the administrative judge found that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by that individual could reasonably conclude that the agency's actions described by the appellant to its OIG in April 2003 evidenced a violation of law or gross waste of

funds. RID at 7. Neither party contests these findings on review, and we discern no basis to disturb them.

<u>The appellant did not meet her burden of establishing that she was subjected to a personnel action.</u>

¶8        Under the Whistleblower Protection Act (WPA),[3] a "personnel action" is defined to include, among other enumerated actions, "any other significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii). The legislative history of the 1994 amendment to the WPA indicates that "any other significant change in duties, responsibilities, or working conditions" should be interpreted broadly, to include "any harassment or discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system and should be determined on a case-by-case basis." 140 Cong. Rec. H11,419, H11,421 (daily ed. Oct. 7, 1994) (statement of Rep. McCloskey); *see Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 14; *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25; *Shivaee v. Department of the Navy*, 74 M.S.P.R. 383, 388 (1997).

¶9        However, notwithstanding the broad interpretation accorded to the term "significant change in duties, responsibilities, or working conditions," not every agency action is a "personnel action" under the WPA. *Skarada*, 2022 MSPB 17, ¶ 15; *see King v. Department of Health and Human Services*, 133 F.3d 1450, 1452-53 (Fed. Cir. 1998). Rather, an agency action must have practical consequence for the employee to constitute a personnel action. *Skarada*, 2022 MSPB 17, ¶ 15. In determining whether an appellant has suffered a "significant change" in her duties, responsibilities, or working conditions, the Board must consider the alleged agency actions both collectively and

---

[3] The WPA has been amended several times, including by the Whistleblower Protection Enhancement Act. The references herein to the WPA include those amendments, which do not affect any issue pertinent to this appeal.

individually.  *Id.*, ¶ 16; *see Holderfield v. Merit Systems Protection Board*, 326 F.3d 1207, 1209 (Fed. Cir. 2003).  A number of agency actions may amount to a covered "significant change" personnel action collectively, even if they are not covered personnel actions individually.  *Skarada*, 2022 MSPB 17, ¶ 18.  In sum, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii).  *Id.*, ¶ 16.

¶10    Here, the administrative judge found that the appellant's claim of a hostile work environment involved three separate episodes.  RID at 8.  In the first of these episodes, the appellant made general and conclusory allegations of harassment by her supervisor, but she provided few details of the particular incidents involved except for a June 2010 incident when the appellant alleged that the supervisor called her stupid and threw a telephone at her.  RID at 8-9; RF, Tab 24 at 15.  Given the lack of details regarding this episode in the record, the administrative judge determined that it was insufficiently severe to comprise a hostile work environment, finding that the episode amounted, at most, to the appellant's supervisor yelling at her, calling her stupid, and shoving an office telephone in her direction.  RID at 14.  On that basis, he found that a reasonable person would not find that the terms and conditions of her employment changed as a result of this encounter.  *Id.*  We agree.  Given the lack of detail and corroboration in the record,[4] we find that this does not amount to a significant agency action that, in and of itself, could give rise to an alleged hostile work environment.  *See, e.g.*, *Shivaee*, 74 M.S.P.R. at 388-89 (finding that only a

---

[4] For example, the account of this incident in the declaration of a union steward that the appellant submitted at the close of the record is merely a recitation of the appellant's allegations and does not indicate that the declarant witnessed any of this episode herself or that she spoke with anyone besides the appellant who was present during the incident.  RF, Tab 24 at 23-25.

significant change in duties, responsibilities, or working conditions may constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii)).

¶11    Second, the appellant identified a November 21, 2014 incident in which her supervisor called her into the supervisor's office to discuss an email that the appellant sent to a colleague. RID at 9-10; RF, Tab 24 at 15. In that episode, the appellant alleged that her supervisor yelled at her, invaded her personal space, and then moved the interaction outside the supervisor's office, where the appellant alleged that the supervisor assumed a pose that frightened her, and she concluded that her supervisor wished to engage in a physical fight. RID at 10-11; RF, Tab 24 at 17-18. The administrative judge found that, despite the appellant's assertions of violent behavior and assault, the record failed to show that any physical contact took place. RID at 12. He again found that the appellant's contentions were uncorroborated in the record, observing that her most contemporaneous account of the episode, set forth in an email to her second-level supervisor, failed to address the incident, despite the fact that it had allegedly taken place just an hour earlier, and she instead raised it for the first time several days later in a complaint to the OIG. RID at 13; RF, Tab 23 at 13, 22-23, Tab 25 at 30, 32-33. Thus, the administrative judge found the appellant's supervisor's contemporaneous account of the incident more credible and, by contrast, found that the appellant's assertion that her supervisor essentially adopted a fighter's pose in a public area of the office was implausible. RID at 13-14. Although the appellant contests the administrative judge's description of the physical space in which this episode occurred, as well as the conclusions drawn by the agency's investigation of it, the only evidence she cites to substantiate her disagreement with these conclusions is the declaration of a union steward who the appellant consulted after the June 2010 incident recounted above. RPFR File, Tab 1 at 4; RF, Tab 24 at 23-25. The steward's declaration not only fails to specifically address this episode, but also fails to provide any reason to upset the administrative judge's conclusions. RF, Tab 24 at 23-25. Again, given the scant

evidence supporting the appellant's version of this episode, we also find that she has not shown that it amounts to a significant agency action that could establish a hostile work environment. *See, e.g.*, *Shivaee*, 74 M.S.P.R. at 388-89.

¶12    Third, the administrative judge considered the appellant's allegation that, in September 2010, her supervisor wrongfully denied her 2 days of annual leave. RID at 11-12; RF, Tab 24 at 15. Although the appellant did not include this in her iteration of what she called the "current issue" and the administrative judge questioned the relevance of this allegation to the appellant's contentions of harassment and a violent work setting, he nevertheless included it in his analysis of the appellant's claims, noting the Board's instruction to consider this claim on remand as part of his analysis of the appellant's allegations of a hostile work environment. RID at 12; RF, Tab 24 at 15-16; Remand Order, ¶ 5 n.4. The administrative judge found that this "discrete non-physical act" lacked the requisite severity and was unrelated to the other events the appellant cited in alleging a hostile work environment. RID at 15. The appellant does not challenge this finding on review, and we find no reason to upset the administrative judge's findings on this point. Thus, we find that none of these three episodes amounts to a significant agency action that, in and of itself, might give rise to an alleged hostile work environment. *See, e.g.*, *Shivaee*, 74 M.S.P.R. at 388-89.

¶13    In addition to finding that these three episodes did not individually amount to a significant change in the appellant's duties, responsibilities, or working conditions, the administrative judge also found that, even when considered collectively, these three events were not so severe that a reasonable person would believe they altered the terms and conditions of her employment with the agency. RID at 15-16. Instead, he found them typical of common interaction between a supervisor and an employee regarding typical workplace issues involving expressions of frustration. RID at 16. Although the appellant's relationship with her supervisor is unmistakably contentious, we agree with the administrative

judge that such isolated incidents, even when viewed collectively, cannot aptly be described as serious or significant enough to establish a hostile work environment. *Id.* We also agree that the incidents did not alter the terms and conditions of the appellant's employment. *Id.* These three incidents were unrelated to each other and happened over a reasonably long period of time, around 4 years, such that the record simply does not support the appellant's general contention that she suffered "relentless retaliation as a result of the agency's actions," RPFR File, Tab 1 at 1, or that she experienced a significant change in working conditions as contemplated under section 2302(a)(2)(A)(xii) by virtue of the incidents described in the record, *see Skarada*, 2022 MSPB 17, ¶ 29 (finding that the appellant's allegations, collectively and individually, although indicative of an unpleasant and unsupportive work environment, did not establish, by preponderant evidence, that he suffered a significant change in his working conditions under the WPA).

¶14 Further, we agree with the administrative judge's alternate finding that, even if the appellant had shown that the agency subjected her to a personnel action under section 2302(a)(2)(A)(xii), she failed to show that her protected disclosure was a contributing factor in that personnel action. RID at 17-19. Specifically, he found that the appellant's 2003 disclosure was completely unrelated to her supervisor, who was in no way involved with the budget irregularities the appellant disclosed, and the record fails to show that the appellant showed any relationship between her protected disclosure and the events surrounding each of the three episodes she alleged comprised a hostile work environment. *Id.* Although the appellant's assertions were sufficient to comprise a nonfrivolous allegation of contributing factor, Remand Order, ¶ 7, without more, they do not establish by preponderant evidence that her protected disclosure had anything to do with the three episodes analyzed by the administrative judge. Concerning the appellant's argument that the administrative judge failed to require the agency to show by clear and convincing

evidence that it would have taken any of the alleged personnel actions in the absence of her protected disclosure, RPFR File, Tab 1 at 3, because she failed to meet her burden of proof to establish that the agency subjected her to a personnel action under section 2302(a)(2)(A)(xii), or that it was a contributing factor in those alleged personnel actions, we do not reach that stage of the analysis, *see Aquino*, 121 M.S.P.R. 35, ¶ 10.

<u>The appellant failed to show that the administrative judge abused his discretion.</u>

¶15    An administrative judge has broad discretion in ruling on discovery matters, and, absent a showing of abuse of discretion, the Board will not find reversible error in such rulings. *See, e.g.*, *Tinsley v. Office of Personnel Management*, 34 M.S.P.R. 70, 73-74 (1987). The administrative judge's acknowledgment order instructed the parties that, under the Board's discovery procedures, initial requests or motions must be served on the other party within 30 calendar days of the date of the acknowledgment order. *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-15-0671-W-1 (IAF), Tab 2 at 1, 4-5; *see* 5 C.F.R. § 1201.73(d).

¶16    The record reflects that the appellant served her first discovery request after the 30-day deadline. IAF, Tab 9. Because she served it on the Board rather than on the agency, as required, the administrative judge returned the discovery request to the appellant. *Id.*; *see* 5 C.F.R. § 1201.71. In a subsequent submission, the appellant conceded that her discovery request was untimely served, and she moved for the administrative judge to ask the agency to reconsider its apparent refusal to respond to her discovery. IAF, Tab 10. The agency responded, noting the appellant's admission that her discovery request was untimely, and asserting that she had failed to contact the agency's representative before filing her motion, as is required for a motion to compel discovery under 5 C.F.R. § 1201.73(c)(1). IAF, Tab 11 at 5. The appellant filed a response, but the administrative judge dismissed the appeal for lack of jurisdiction without ruling on the appellant's request. IAF, Tabs 12-13.

¶17    In her petition for review of that decision, the appellant did not raise the issue of discovery or the administrative judge's failure to rule on her motion. *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-15-0671-W-1, Petition for Review (PFR) File, Tab 1.  On remand, the appellant renewed her request for discovery, RF, Tab 9, but the administrative judge denied her motion, noting that the Board had remanded the same issues as those presented in the initial appeal, such that no discovery not already contemplated was required to adjudicate the appeal.  RF, Tab 14 at 2.

¶18    Now, in her petition for review of the remand initial decision, the appellant alleges that the administrative judge ignored or did not accept her witnesses and denied her discovery, including the right to depose witnesses.  RPFR File, Tab 1 at 1.  However, the record is clear that the appellant did not request a hearing at which she could call witnesses and, by her own admission, failed to initiate discovery in a timely fashion.  IAF, Tab 10.  She then failed to raise the discovery issue in her petition for review of the initial decision dismissing her IRA appeal for lack of jurisdiction.  PFR File, Tab 1.  Thus, we find that the appellant requested discovery in an untimely fashion, and then failed to preserve the discovery issue in her petition for review of that initial decision, such that the record does not show that the administrative judge abused his discretion in denying the appellant's motion to reopen discovery on remand.  RF, Tab 14 at 2; *see e.g.*, *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008) (finding that, because the appellant failed to preserve an objection to the administrative judge's discovery rulings, the alleged error was not preserved for the Board's review and that, absent a showing of an abuse of discretion, the Board will not find reversible error in such rulings on discovery), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).

¶19    Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                  /s/ for
                                           _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.