**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROSEMARY B. GREENLAW,
                     Appellant,

                  v.

DEPARTMENT OF LABOR,
                     Agency.

DOCKET NUMBER
SF-3443-17-0089-I-1

DATE: January 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosemary B. Greenlaw, San Jose, California, pro se.

David M. Kahn, Esquire, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her nonselection appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        In April 2016, the agency hired the appellant to serve as an Administrative Assistant, GS-0303-07. Initial Appeal File (IAF), Tab 1 at 7. In May 2016, the appellant applied for a position as an Investigator, GS-1801, which could be filled at the 9, 11, or 12 grades. IAF, Tab 7 at 13, 21. The appellant was interviewed but not selected for the position. *Id*. at 21. Effective October 31, 2016, the appellant was terminated from her Administrative Assistant position. IAF, Tab 1 at 10. The agency informed her that, as a reemployed annuitant, she did not have the right to appeal her termination to the Board. *Id*.

¶3        On November 15, 2016, the appellant filed an appeal with the Board, raising claims regarding her termination and her nonselection for the Investigator position. *Id*. at 5. The appellant's claim regarding her termination was docketed as a separate appeal. *Greenlaw v. Department of Labor*, MSPB Docket No. SF-0752-17-0090-I-1, Initial Appeal File (0090 IAF), Tab 1.[2]

---

[2] The administrative judge dismissed the appellant's termination appeal for lack of jurisdiction, and, upon the appellant's petition for review, the Board affirmed the initial

¶4  Regarding her nonselection claim, the appellant alleged, among other things, that she was more highly qualified than some candidates who were younger and not disabled.  IAF, Tab 1 at 5.  Without holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the appellant failed to make a nonfrivolous allegation of jurisdiction, and he thus dismissed her appeal.  IAF, Tab 8, Initial Decision (ID) at 1, 4-5.

¶5  The appellant has filed a petition for review, the agency has filed a response opposing the petition, and the appellant has filed a reply to the response.  Petition for Review (PFR) File, Tabs 1, 3, 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Wilson v. Department of Homeland Security*, 122 M.S.P.R. 262, ¶ 2 (2015).  If an appellant makes a nonfrivolous allegation of Board jurisdiction over her appeal,[3] she is entitled to a jurisdictional hearing at which she must prove jurisdiction by a preponderance of the evidence.  *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶ 11 (2007).

¶7  Generally, a nonselection is not appealable directly to the Board.  *Pridgen v. Office of Management & Budget*, 117 M.S.P.R. 665, ¶ 6 (2012).  However, as the administrative judge correctly informed the appellant, there are exceptions to this general rule.  IAF, Tab 2 at 2-5.  These exceptions allow an individual to appeal her nonselection when the agency's decision was (1) made in retaliation for her protected disclosures, pursuant to 5 U.S.C. § 2302(b)(8); (2) made in retaliation for her protected activities, pursuant to 5 U.S.C. § 2302(b)(9); (3) the

---

decision.  *Greenlaw v. Department of Labor*, MSPB Docket No. SF-0752-17-0090-I-1, Final Order (Jan. 26, 2023).

[3] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).  An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal.  *Id*.

product of discrimination based on uniformed service, pursuant to 38 U.S.C. § 4311; (4) in violation of her veterans' preference rights, pursuant to 5 U.S.C. § 3330a(d)(1); or (5) in violation of the basic requirements set forth at 5 C.F.R. § 300.103, pursuant to 5 C.F.R. § 300.104(a).

¶8      The appellant seemed to assert that the agency's decision regarding her nonselection violated of the basic requirements set forth at 5 C.F.R. § 300.103. IAF, Tab 6 at 4; PFR File, Tab 1 at 5. As the administrative judge informed the appellant, to establish the Board's jurisdiction over such a claim, an appellant must (1) demonstrate that it concerns an "employment practice" that the Office of Personnel Management is involved in administering and (2) nonfrivolously allege that the employment practice violated one of the "basic requirements" set forth in 5 C.F.R. § 300.103. IAF, Tab 2 at 3; *see Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 15(2011). The appellant has failed to make anything more than a bare assertion that the agency violated 5 C.F.R. § 300.103. IAF, Tab 6 at 4; PFR File, Tab 1 at 5. Accordingly, we find that the appellant failed to establish her right to a jurisdictional hearing in this appeal. *See Banks v. Department of Agriculture*, 59 M.S.P.R. 157, 160 & n.3 (1993), *aff'd*, 26 F.3d 140 (Fed. Cir. 1994) (Table).

¶9      Moreover, a reemployed annuitant may not bring an employment practice claim challenging a policy regarding an annuitant's appointment. *See McKnight v. Department of Defense*, 103 M.S.P.R. 255, ¶ 10 (2006), *aff'd*, 227 F. App'x 913 (Fed. Cir. 2007); *see also* 5 U.S.C. § 3323(b)(1) (providing that an annuitant receiving an annuity while reemployed generally "serves at the will of the appointing authority"). The undisputed evidence in the appellant's termination appeal reveals that she was receiving an annuity while employed with the agency. 0090 IAF, Tab 5 at 11. As set forth in our Final Order regarding the appellant's termination appeal, the agency established that the appellant was a reemployed annuitant, *Greenlaw v. Department of Labor*, MSPB Docket No. SF-0752-17-0090-I-1, Final Order (Jan. 26, 2023), and we find that the Board would therefore

lack jurisdiction over any employment practices claim that she might have raised in this appeal, *see McKnight*, 103 M.S.P.R. 255, ¶ 10.

¶10 Finally, the appellant asserts that she was denied discovery in her appeal. IAF, Tab 6 at 4; PFR File, Tab 1 at 7, Tab 5 at 5. However, we find that the appellant has failed to demonstrate how the absence of discovery prejudiced her ability to make a nonfrivolous allegation on the dispositive jurisdictional issue. *See Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009); *Sommers v. Department of Agriculture*, 62 M.S.P.R. 519, 523 (1994); 5 C.F.R. § 1201.115(c).

¶11 Accordingly, we affirm the initial decision and dismiss the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀_____/s/ for_____

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Jennifer Everling
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀Acting Clerk of the Board

Washington, D.C.