## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BENJAMIN MCKENZIE,<br>　　　　Appellant, | DOCKET NUMBER<br>DC-1221-16-0837-W-2 |
| 　　　v. | |
| DEPARTMENT OF HOMELAND<br>　　SECURITY,<br>　　　　Agency. | DATE: March 22, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Benjamin McKenzie</u>, Washington, D.C., pro se.

<u>Lorna Jacqueline Jerome</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action on his reprisal claims in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the administrative judge's determination that the appellant failed to prove a prima facie case of reprisal for whistleblowing or other protected activity. We VACATE the administrative judge's alternative finding that the agency established by clear and convincing evidence that it would have taken the same action against the appellant absent any protected activity.

## BACKGROUND

The appellant timely filed an IRA appeal, which the administrative judge dismissed without prejudice subject to refiling by a date certain in order to allow him to address a health condition and obtain legal representation.[2] *McKenzie v.*

---

[2] In September 2014, the appellant filed an appeal challenging his removal pursuant to 5 U.S.C. chapter 75, which the administrative judge dismissed as untimely filed, and raising a Veterans Employment Opportunities Act of 1998 claim, which the administrative judge dismissed for lack of jurisdiction. *McKenzie v. Department of Homeland Security*, MSPB Docket No. DC-0752-14-1121-I-1, Initial Decision (Feb. 24, 2015). That decision became the final decision of the Board when neither party filed a timely petition for review. The administrative judge dismissed for lack of jurisdiction a separately docketed Uniformed Services Employment and Reemployment Rights Act of 1994 appeal, and the Board denied the appellant's petition for review. *McKenzie v. Department of Homeland Security*, MSPB Docket No. DC-4324-15-0451-I-1, Final Order (Mar. 25, 2016). Because his 2014 removal appeal was dismissed as untimely filed, we find that it did not constitute a binding election of remedies pursuant to 5 U.S.C. § 7121(g) that would bar this subsequent IRA appeal regarding his reprisal claims. *See* 5 U.S.C. § 7121(g)(4)(A) (specifying that the election to proceed with a Board appeal must be "timely filed"); *Brundin v. Smithsonian Institution*, 75 M.S.P.R. 332, 336 (1997).

*Department of Homeland Security*, MSPB Docket No. DC-1221-16-0837-W-1, Appeal File, Tab 1, Tab 12, Initial Decision (Sept. 30, 2016). The appellant subsequently timely refiled his IRA appeal. *McKenzie v. Department of Homeland Security*, MSPB Docket No. DC-1221-16-0837-W-2, Appeal File (W-2 AF), Tab 1. After holding the requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. W-2 AF, Tab 30, Initial Decision (ID) at 1, 9. The administrative judge found that the appellant failed to prove (1) that he had made a protected disclosure or engaged in protected activity and (2) that his allegedly protected disclosures or activity were a contributing factor in his removal. ID at 6-7. Finally, the administrative judge found that, even if the appellant had met his burden of proof regarding his alleged disclosures or activity, the agency had shown by clear and convincing evidence that it would have removed him absent any such disclosures or activity. ID at 8.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant states his belief that the administrative judge's rulings during the proceedings below and findings in the initial decision were not consistent with unspecified required procedures or involved abuse of discretion. PFR File, Tab 3 at 4-5. For instance, he asserts that "it appears" that the administrative judge engaged in ex parte verbal conversations with the agency representative despite purportedly advising the parties that she would only engage in written conversations. *Id.* An ex parte communication is an oral or written communication between a decision-making official of the Board and an interested party to a proceeding, when that communication is made without providing the other parties to the appeal with a chance to participate. 5 C.F.R. § 1201.101. Administrative judges are prohibited from engaging in ex parte conversations regarding the merits of an appeal. 5 C.F.R. § 1201.102. Here, the appellant

provided no evidence or argument to support his claim that the agency representative may have had ex parte conversations with the administrative judge. PFR File, Tab 3 at 4-5. We find that the record is devoid of any evidence to support the appellant's bare assertion of improper ex parte communications by the administrative judge.

The appellant contends that, although he "asked for [d]iscovery," the administrative judge ignored his written request and issued subsequent case processing orders without answering his questions regarding the discovery process. *Id*. He asserts that the administrative judge's prejudicial errors "allowed no witness to rebut the overwhelming documentary and testimonial evidence provided." *Id.* Prior to the deadline for initiating discovery, the appellant filed a request for an "extension of time for the parties to exhaust [settlement] discussions, and for [him] to obtain further guidance on the [d]iscovery process." W-2 AF, Tab 3 at 2, Tab 9 at 4. The administrative judge issued no ruling on this motion, and the record contains no evidence that the appellant served any timely requests for discovery on the agency. Approximately 3 months after the deadline to initiate discovery, and 4 days prior to the deadline set forth in the hearing order for submitting prehearing submissions including all proposed exhibits and a summary of expected witness testimony, the appellant filed a request to initiate discovery within 30 days of the filing of his request. W-2 AF, Tab 10 at 1-2, Tab 15 at 4. He attached to his motion email correspondence with the agency representative stating that the agency would not respond to his untimely discovery requests. W-2 AF, Tab 15 at 5-6. The administrative judge denied the appellant's motion to initiate discovery, finding that the appellant's failure to timely initiate discovery did not constitute good cause for postponing the proceedings. W-2 AF, Tab 18.

During the prehearing conference, the administrative judge approved 3 of the appellant's proposed witnesses, including the proposing and deciding officials in the removal action, but denied over 25 other witnesses, for which the appellant

proffered no testimony or relevance. W-2 AF, Tab 21 at 4-5, Tab 19 at 5-9. The administrative judge instructed the appellant that he could provide additional information regarding the relevance of his remaining proposed witnesses. W-2 AF, Tab 21 at 4-5. The appellant resubmitted the names of four individuals without providing meaningful information as to their testimony or its relevance, and the administrative judge issued a subsequent ruling denying the appellant's additional proposed witnesses. W-2 AF, Tab 26 at 1-2.

The appellant's challenges to the administrative judge's discovery and evidentiary rulings are unpersuasive. An administrative judge has broad discretion in ruling on discovery matters, and, absent an abuse of discretion, the Board will not find reversible error in such rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013); 5 C.F.R. § 1201.41(b)(4). To the extent that the administrative judge erred in not ruling on the appellant's initial request for a general extension of time, the appellant has provided no explanation why he did not serve the agency with any discovery requests prior to the deadline set forth in the acknowledgment order, or why he waited until 3 months after the deadline to serve his initial requests. W-2 AF, Tab 3 at 2, Tab 15 at 4-6; *see* 5 C.F.R. § 1201.73(d)(1).

The general discovery requests that the appellant untimely served on the agency included access to his agency hard drive, the physical items that were left in his cubicle following his departure, and all of his supervisor's "written personnel actions against" him. W-2 AF, Tab 15 at 6. He fails to identify any specific items or information that he was unable to obtain in discovery, or how those items would have enabled him to meet his burden of proof of establishing a prima facie case of whistleblower retaliation. *See* 5 U.S.C. § 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015) (stating that the appellant must establish a prima facie case of whistleblower retaliation by

proving by preponderant evidence[3] that he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A)).[4]  Thus, the appellant has failed to show how any error constituted an abuse of discretion because he has not shown how the information requested was material.  *See Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶¶ 14-15 (2008) (finding that the appellant failed to show that the administrative judge abused his discretion by not extending the discovery period when the appellant failed to show how information could have been obtained would have affected the administrative judge's finding that the Board lacked jurisdiction over the appeal), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009).  Accordingly, we find no abuse of discretion regarding the administrative judge's failure to rule on the appellant's initial request or denying the appellant's request to initiate discovery 4 days prior to the deadline for prehearing submissions.

An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony and evidence she believes would be irrelevant or immaterial.  *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010).  The Board has found that, to obtain reversal of an initial decision because the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that the administrative judge disallowed a relevant witness or evidence that could have affected the outcome.

---

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[4] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.  Section 1097 of the NDAA amended various provisions of title 5 of the U.S. Code.  Our decision to affirm the initial decision denying the appellant's request for corrective action would be the same under both pre- and post-NDAA law.

*Id*. In contrast to the appellant's statement on review that the administrative judge "allowed no witness to rebut" the agency's testimony and evidence, the administrative judge approved three witnesses for the appellant. PFR File, Tab 1 at 5; W-2 AF, Tab 21 at 4. The appellant fails to articulate any reason why the testimony of any of the proposed witnesses the administrative judge denied could have affected the outcome of the appeal. PFR File, Tab 1 at 4-5. Moreover, the administrative judge provided the appellant with the opportunity to file additional information regarding any relevant testimony his denied witnesses would present at the hearing, and the appellant failed to provide sufficient meaningful information in his subsequent filing. W-2 AF, Tab 21 at 4-5, Tab 22 at 4-5.

Finally, the appellant's petition for review contains an unexplained reference to a "5 C.F.R. part 1207 allegation of discrimination in the adjudication of a Board case." PFR File, Tab 3 at 4-5. 5 C.F.R. § 1207.170(b) sets forth procedures for a party who believes that he has been subjected to discrimination on the basis of disability in the adjudication of his Board appeal. If the administrative judge to whom the case was assigned has issued an initial decision by the time the party learns of the alleged discrimination, the party may raise the allegation of discrimination in a petition for review. *See* 5 C.F.R. § 1201.170(b)(4). The petition for review must be clearly marked "5 CFR part 1207 allegation of discrimination in the adjudication of a Board case." To the extent that the appellant raises an allegation that the administrative judge discriminated against him on the basis of disability in the proceedings below, he has provided no information explaining or supporting such a claim. PFR File, Tab 3 at 4-5. Therefore, we find that the appellant has provided no basis for disturbing the initial decision. *See* 5 C.F.R. § 1201.114(b) (stating that a petition for review must include all of the filing party's legal and factual arguments objecting to the initial decision, and must be supported by references to applicable laws or regulations and by specific references to the record).

In analyzing the appellant's whistleblower claim, the administrative judge found that the appellant failed to prove that his alleged disclosures or activity were protected or were a contributing factor in his removal. ID at 6-8. The appellant has not challenged these findings, and we discern no reason upon which to disturb them. However, the administrative judge found further that, in any event, the agency established by clear and convincing evidence that it would have taken the same actions absent the appellant's alleged protected disclosures and activity. *Id.* at 8. Because we have found that the appellant failed to prove that he made a protected disclosure or engaged in protected activity and the disclosure or activity was a contributing factor in the action taken, it is unnecessary to determine whether the agency proved by clear and convincing evidence that it would have taken the action at issue in the absence of the disclosure or activity. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's findings concerning whether the agency met its "clear and convincing" burden.

Accordingly, we deny the petition for review and affirm as modified the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.