NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3325

TIMOTHY L. VORES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Timothy L. Vores, of Anderson, Indiana, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief were B. Chad Bungard, General Counsel, and Jeffrey A. Gauger, Attorney.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3325

TIMOTHY L. VORES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board
in CH3443070552-I-1.

_____

DECIDED:  April 2, 2009

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, <u>Circuit Judge</u>, and CUDAHY, <u>Senior Circuit Judge</u>.[*]

PER CURIAM.

DECISION

Timothy L. Vores challenges the decision of the Merit Systems Protection Board

dismissing his appeal for lack of jurisdiction.  We <u>affirm</u>.

---

[*]    The Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

BACKGROUND

Dr. Vores served in the U.S. Army from June 1969 to February 1971. He commenced his medical education in 1975 and completed that education in Italy in 1993. In December 2006, Dr. Vores applied for a position as a resident in the Internal Medicine Residency Program ("IMRP") at the William Beaumont Army Medical Center in El Paso, Texas ("Beaumont"). Applications for that position are reviewed by officials from the Department of the Army, who submit their recommendations to hiring officials at the Department of Veterans Affairs ("DVA"). The DVA is ultimately responsible for selecting the resident and funding the position. The resident who is selected is assigned to Beaumont and is supervised by employees of the Department of the Army.

Dr. Vores was not selected for the residency position. He then filed a complaint under the Veterans Employment Opportunities Act of 1998 ("VEOA") with the Department of Labor, contending that the Department of the Army had violated his veterans' preference rights when it did not select him. See 5 U.S.C. § 3330a. The Department of Labor concluded that the veterans' preference rules do not apply to the IMRP and therefore closed its investigation of his complaint.

Dr. Vores took an appeal to the Merit Systems Protection Board. The Army filed a motion to dismiss the appeal for lack of jurisdiction on the ground that veterans' preference rights do not apply to positions with the IMRP. The administrative judge first found that residents at Beaumont are hired under the authority of 38 U.S.C. §§ 7401 and 7403. The administrative judge then cited our decision in Scarnati v. Department of Veterans Affairs, 344 F.3d 1246, 1249 (Fed. Cir. 2003), which held that a physician not selected for a position authorized under section 7401 could not appeal to the Board on

the basis of an alleged violation of veterans' preference rights. In light of that decision, the administrative judge dismissed the appeal for lack of jurisdiction.

Dr. Vores filed a petition for review with the full Board. The Board denied the petition for review but reopened the appeal on its own motion because it determined that the administrative judge was wrong in finding that Beaumont residents are hired under the authority of sections 7401 and 7403. The Board explained that those sections apply to the appointment of physicians to the Veterans Health Administration ("VHA"), whereas the selection of IMRP residents is governed by 38 U.S.C. § 7406. Nonetheless, the Board concluded that the reasoning of Scarnati applies to section 7406 appointments and therefore concluded that the selection of IMRP residents can be made without regard to civil service requirements.

In reaching that conclusion, the Board relied on this court's reasoning in Vores v. Department of Veterans Affairs, 113 F. App'x 916 (Fed. Cir. 2004), another case in which Dr. Vores appealed a decision by the DVA not to select him for a VHA residency position and in which he alleged that his veterans' preference rights had been violated. In that case, we held that Scarnati applies to the appointment of residents pursuant to section 7406 and therefore ruled that Dr. Vores did not have the right to appeal his non-selection on the basis of an alleged VEOA violation. Id. Applying the same reasoning to the same issue raised again by Dr. Vores, the Board dismissed Dr. Vores's appeal regarding his non-selection for the Beaumont position for lack of jurisdiction.

DISCUSSION

The VEOA provides redress for preference-eligible individuals who believe that their rights have been violated under any statute or regulation relating to veterans'

preference for employment. 5 U.S.C. § 3330a(a)(1)(A). Aggrieved individuals may file a complaint seeking relief from the Secretary of Labor. If that remedy proves unavailing, the complainant may appeal to the Board. Id. § 3330a(d)(1).

The appointment of professional staff to the VHA falls under title 38 of the U.S. Code, not title 5. We examined the interaction between title 5 and title 38 in the Scarnati case, in which a physician complained that his VEOA rights had been violated when the VHA did not select him for a position as a psychiatrist. Physician appointments to the VHA pursuant to 38 U.S.C. § 7401 "may be made only after qualifications have been satisfactorily established in accordance with regulations prescribed by the Secretary, without regard to civil-service requirements." 38 U.S.C. § 7403(a)(1). Based on that statutory language, we concluded that the civil service provisions of title 5 do not apply to the process of appointing health care professionals under § 7401. We held that "Congress has specifically exempted such appointments from the VEOA process." Scarnati, 344 F.3d at 1248.

In reaching that conclusion, we also relied on 38 U.S.C. § 7425(b). That section provides:

> Notwithstanding any other provision of law, no provision of title 5 or any other law pertaining to the civil service system which is inconsistent with any provision of section 7306 of this title or this chapter shall be considered to supersede, override, or otherwise modify such provision of that section or this chapter except to the extent that such provision of title 5 or of such other law specifically provides, by specific reference to a provision of this chapter, or such provision to be superseded, overridden, or otherwise modified.

38 U.S.C. § 7425(b); see Scarnati, 344 F.3d at 1248. We explained that the redress procedures provided in 5 U.S.C. § 3330a are fundamentally inconsistent with the title 38 appointment process and that 5 U.S.C. § 3330a contains no reference to 38 U.S.C. §

7401. We therefore held that 5 U.S.C. § 3330a does not override the VHA's authority to hire health care professionals under 38 U.S.C. § 7401 without regard to veterans' preference rights, and that applicants for section 7401 positions do not have the right to appeal to the Board pursuant to 5 U.S.C. § 3330a for an alleged violation of such rights. Scarnati, 344 F.3d at 1248, 1249.

In this case, the Board concluded that an applicant who is not selected for a residency position authorized by 38 U.S.C. § 7406 is similarly barred from appealing to the Board for an alleged violation of veterans' preference rights. We see no error in the Board's conclusion. Section 7406 authorizes the DVA to establish residency positions and provides that "[t]he Secretary may appoint qualified persons to such positions without regard to civil service or classification laws, rules, or regulations." 38 U.S.C. § 7406(a)(1). That language is virtually identical to the language in section 7401 that was at issue in Scarnati. The text of section 7406 therefore makes clear that residency appointments made pursuant to section 7406 are exempted from the VEOA in the same manner as appointments of physicians under sections 7401 and 7403. See Scarnati, 344 F.3d at 1248; see also Swango v. Dep't of Veterans Affairs, 59 M.S.P.R. 235 (1993) (civil service regulations do not apply to persons appointed to residencies with the DVA pursuant to 38 U.S.C. § 7406). The Board therefore correctly ruled that Dr. Vores cannot appeal his non-selection for the IMRP residency position.

Dr. Vores contends that 38 U.S.C. § 7425(b) is inapplicable to his case, and that he is therefore entitled to appeal the alleged VEOA violation. The thrust of Dr. Vores's argument is that the Beaumont residency position is governed by section 722 of the Bob Stump National Defense Authorization Act for Fiscal Year 2003, Pub. L. No. 107-314,

116 Stat. 2458 ("Stump Act"), an amendment to 38 U.S.C. § 8111 mandating the creation of a project to improve the sharing of health care resources between the DVA and the Department of Defense. That amendment authorizes the Secretary of Defense to apply "subchapters I, III, and IV of chapter 74 of title 38"—the provisions pertaining to appointment of VHA personnel—to civilian personnel of the Department of Defense. 116 Stat. at 2597. Although sections 7401, 7403, and 7406 are all found in subchapter I, section 7425(b) is located in subchapter II, which is not among the enumerated subchapters that the Secretary of Defense is permitted to apply to Department of Defense employees. The significance of that omission, according to Dr. Vores, is that section 7425(b) does not apply to positions authorized under the Stump Act, including the Beaumont residency; for that reason, he argues, the Board had no basis to refuse to consider his appeal.

That argument is without merit. To begin with, Dr. Vores assumes that 38 U.S.C. § 8111 applies to the Beaumont residency—presumably because of the unique nature of that position, which is funded by the DVA but administered by the Department of the Army. However, the Department of the Army stated below that the Beaumont appointment was not made pursuant to 38 U.S.C. § 8111, and the Board found that "the agency provided undisputed evidence that the residents in Beaumont's IMRP are selected under the authority of 38 U.S.C. § 7406." Indeed, Dr. Vores concedes that section 7406 governs the residency position. Section 722 of the Stump Act, which applies to projects authorized under 38 U.S.C. § 8111, is therefore not pertinent to the selection of Beaumont residents pursuant to 38 U.S.C. § 7406.

Moreover, Dr. Vores's argument is predicated on his interpretation of the <u>Scarnati</u> decision as resting entirely on the application of 38 U.S.C. § 7425(b). That interpretation is incorrect. In <u>Scarnati</u>, we made clear that section 7403 specifically exempted the appointment of VHA physicians from the VEOA process. <u>Scarnati</u>, 344 F.3d at 1248. Although we noted that our ruling was supported by section 7425(b), we made clear that the plain language of section 7403 dictated the same outcome without regard to section 7425(b). Section 7406, like section 7403, allows the appointment of residents "without regard to" civil service requirements. Thus, even if section 7425(b) were inapplicable to the IMRP position at Beaumont, Dr. Vores still could not invoke the redress procedures of 5 U.S.C. § 3330a to challenge his non-selection for the residency position. See <u>Swango</u>, 59 M.S.P.R. at 239 ("38 U.S.C. § 7406 makes plain that civil service regulations do not apply to persons occupying residencies in the Department of Veterans Affairs.").

Dr. Vores contends that the Board failed to consider several other statutes, including 5 U.S.C. § 2105(f), 5 U.S.C. § 2302, and 5 U.S.C. § 3320. Those statutes, however, do not override the VHA's discretion to appoint residents without regard to civil service requirements; they therefore do not grant Dr. Vores the right to appeal to the Board from his non-selection for the IMRP position on the basis of an alleged violation of his veterans' preference rights.

Finally, Dr. Vores asserts that the Board has jurisdiction to hear his appeal in light of our decision in <u>James v. Von Zemenszky</u>, 284 F.3d 1310 (Fed. Cir. 2002). In that case, we concluded that 38 U.S.C. § 7421(a), which authorizes the DVA to prescribe "the hours and conditions of employment and leaves of absence" of VHA

health care professionals, does not exempt such professionals from generally applicable title 5 "reduction in force" procedures. Von Zemenszky, 284 F.3d at 1317. As we explained in Scarnati, however, "[t]he Von Zemenszky case does not address the issue of whether a provision in Title 5 relating to the civil service appointment process applies to VHA appointments under 38 U.S.C. § 7401(1)." Scarnati, 344 F.3d at 1249. We held in Scarnati that VHA appointments under section 7401 could be made without regard to title 5 civil service requirements, including veterans' preference requirements. That conclusion applies to appointments under 7406 as well, and Von Zemenszky is therefore inapposite. Accordingly, we affirm the Board's dismissal of Dr. Vores's appeal for lack of jurisdiction.