# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT A. FIELDS, | DOCKET NUMBER |
| Appellant, | SF-0752-17-0022-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR, | DATE: October 31, 2022 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Kathleen Marion Carr and Scott Wesley Hulbert, Boise, Idaho, for the
agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his allegedly involuntary retirement for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the initial decision's discussion of the appellant's reasonable accommodation arguments, we AFFIRM the initial decision.

¶2        The appellant asserts that he was forced to retire because a loud generator that he worked near was causing him a loss of hearing and the agency refused to provide him with a reasonable accommodation. Initial Appeal File (IAF), Tab 5 at 5-7; Petition for Review (PFR) File, Tab 3 at 2-6. An agency's denial of a reasonable accommodation to an eligible employee is a factor to be considered in determining whether the agency coerced the employee's resignation or retirement. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 16, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). Based at least in part on her observation of witnesses testifying at the hearing, the administrative judge found that, prior to his retirement, the appellant was offered reassignments that would have accommodated his concern about protecting his hearing ability. IAF, Tab 24, Initial Decision (ID) at 7-11. On review, the appellant has made no more than a bare assertion that the offered reassignments, which he declined to take, would have failed to protect his ability to hear. PFR File, Tab 3 at 4 n.3. Because we are aware of no sufficiently sound reasons for disturbing the administrative judge's credibility findings, we affirm

her conclusion that the agency offered the appellant reassignments that would have protected his sense of hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *Voorhis v. Department of Homeland Security*, 116 M.S.P.R. 538, ¶ 18 (2011), *aff'd*, 474 F. App'x 778 (Fed. Cir. 2012).

¶3    We find that, assuming arguendo that the appellant may have been entitled to another form of reasonable accommodation that the agency failed to provide,[2] he still had the option of safely continuing his employment by accepting any of the offered reassignments. *See Brown*, 115 M.S.P.R. 609, ¶ 17 (finding that the appellant's performance with the agency, for more than 2 years after it denied her request for an accommodation, indicated that she had the option to continue working following the denial). If the appellant believed that the agency was failing to provide him with a reasonable accommodation to which he was entitled, then he also could have filed an equal employment opportunity complaint. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009). Accordingly, we find that his decision to retire, rather than contest the agency's actions in the appropriate forum, was voluntary. *Id.*, ¶¶ 17-18.

¶4    The appellant also seems to argue that the agency's violation of its own procedures constituted a failure to engage in the interactive process.[3] PFR File,

---

[2] Reassignment to the next lower-level position for which an employee is qualified may constitute a reasonable accommodation if an equivalent position is unavailable. *Gonzalez-Acosta v. Department of Veterans Affairs*, 113 M.S.P.R. 277, ¶ 14 (2010). An agency's reassignment obligation is not limited by geographical area, facility or personnel system. *Id.*, ¶ 14 n.6. Thus, if the agency failed to conduct an appropriate search for an available equivalent position before offering the appellant a lower-level position, it may have overlooked a position to which he may have been entitled as a reasonable accommodation.

[3] The administrative judge indicated that the appellant should have submitted a written request for an accommodation in order to enter "the official reasonable accommodation process." ID at 11. However, although an employee must generally inform their agency when an accommodation is needed, such a request need not be in writing. *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 15 n.6 (2013). Any error on this point, however, is immaterial to the outcome for the reasons set forth in this Final Order.

Tab 3 at 2, 5-6. However, the refusal to engage in the interactive process alone does not constitute a failure to accommodate. *Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 18 (2011). Regardless, for the reasons set forth above, we find that any procedural error did not deprive the appellant of choice in the matter of his retirement. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). Absent an otherwise appealable action, his claims of discrimination and procedural error are not an independent source of jurisdiction. *See Brown*, 115 M.S.P.R. 609, ¶ 10 (finding that the Board will consider allegations of discrimination and reprisal only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense).

¶5        The appellant further argues that the administrative judge erred by not requiring the agency to provide, first, all of its discovery submissions in hardcopy, and, second, contact information for retired Federal employees noticed for deposition. PFR File, Tab 3 at 4; IAF, Tab 20 at 2, Tab 22 at 3-4. The administrative judge denied the appellant's first request because he failed to timely file a motion to compel in accordance with the Board's regulations. IAF, Tab 21 at 9; 5 C.F.R. §§ 1201.71, 1201.73. She denied the second request both because she found that the agency had properly responded to the appellant's discovery requests, and because the appellant's deadline to compel a further response had passed. IAF, Tab 21 at 7-9. Because on review the appellant makes no more than a conclusory assertion that the administrative judge erred in denying his requests and fails to show how any such error affected the outcome of the case, his argument does not establish a basis for granting the petition for review. *See Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009); 5 C.F.R. § 1201.115(c). For the reasons set forth above, except as expressly modified by this Final Order, we affirm the initial decision and dismiss this appeal for lack of jurisdiction.

# NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for

                                           Jennifer Everling
                                           Acting Clerk of the Board
Washington, D.C.