**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RAMON CAYANAN,<br>              Appellant, | DOCKET NUMBER<br>SF-0353-16-0599-I-3 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>              Agency. | DATE: May 8, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Corpus Christi, Texas, for the appellant.

Daren K. Draves, Esquire, San Diego, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his restoration appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. We AFFIRM the initial decision except as expressly MODIFIED to apply the Board's recent decisions to the appellant's claims that he was denied restoration and that the denial was the result of illegal discrimination and retaliation, and to find that the agency did not deny arbitrarily and capriciously deny the appellant's restoration request on August 10, 2016.

## BACKGROUND

The agency employed the appellant in its Santa Ana District as a Sales/Services Distribution Associate at the La Puente Post Office in La Puente, California. *Cayanan v. U.S. Postal Service*, MSPB Docket No. SF-0353-16-0599-I-1, Initial Appeal File (IAF), Tab 6 at 124; *Cayanan v. U.S. Postal Service*, MSPB Docket No. SF-0353-16-0599-I-3, Appeal File (I-3 AF), Tab 29 at 17. On April 23, 2015, the appellant sustained a workplace injury while lifting heavy parcels and went off work. IAF, Tab 1 at 9. He filed a traumatic injury claim with the Office of Workers' Compensation Programs (OWCP), which accepted his claim for cervical sprain/strain and muscle spasm on the left side of his neck. IAF, Tab1 at 9-11, Tab 6 at 98. In June 2015, the appellant submitted a Duty Status Report, OWCP Form CA-17, completed by his treating physician, reflecting that he could return to work with restrictions. IAF, Tab 6 at 123. On June 23, 2015, the agency offered him a modified duty assignment, which he accepted. *Id.* at 122. Two days later, however, he provided another Duty Status Report completed by his physician reflecting that he was temporarily totally

disabled (TTD). *Id.* at 121. From June 25, 2015, through June 29, 2016, the appellant periodically provided documentation completed by his physician reflecting that he remained in TTD status due to his traumatic injury. *Id.* at 102, 104, 108-10, 115-21.

Meanwhile, in August 2015, the appellant filed an occupational illness claim with OWCP based on carpal tunnel with a date of injury of July 23, 2015. I-3 AF, Tab 13 at 161-63. OWCP sent the appellant to an orthopedic surgeon to determine the relationship between his carpal tunnel and the factors of his employment. *Id.* at 133. In the resulting December 17, 2015 second opinion, an orthopedic surgeon confirmed that the appellant suffered from bilateral carpal tunnel syndrome and bilateral Guyon canal entrapment and found that the appellant's conditions were medically connected to his employment. *Id.* at 116-31. The orthopedic surgeon determined that the appellant could return to work with the following restrictions: up to 4 hours per day of repetitive wrist movements; 4 hours per day of pushing and pulling with a 40-pound weight limitation; and 4 hours per day of lifting with a 30-pound weight limitation. *Id.* at 130. The orthopedic surgeon also completed a December 23, 2015 work capacity evaluation reflecting that the appellant could return to work with those restrictions. *Id.* at 115. OWCP accepted the appellant's occupational illness claim based on bilateral carpal tunnel syndrome and bilateral Guyon canal entrapment for medical benefits only. *Id.* at 108; IAF, Tab 6 at 99.

On January 22, 2016, the agency received copies of the second opinion orthopedic evaluation and work capacity evaluation. I-3 AF, Tab 13 at 115-31. On February 13, 2016, although the appellant was still on TTD status according to his treating physician, the agency offered him a limited-duty assignment performing clerk distribution duties "within restrictions" with a 40-pound limit on pushing and pulling, a 30-pound limit on lifting, and no repetitive wrist movements. IAF, Tab 6 at 113-14. The appellant did not accept this job offer.

*Id.*; I-3 AF, Tab 34 at 9, Tab 35, Hearing Compact Disc (HCD) (testimony of the Rehabilitation Program Coordinator).

On February 23, 2016, the appellant requested reassignment to a customer care agent position at the agency's Los Angeles Customer Call Center (LACCC) as a reasonable accommodation. IAF, Tab 6 at 111; I-3 AF, Tab 34 at 9. On February 29, 2016, the agency's Santa Ana District Reasonable Accommodation Committee offered him the opportunity to attend a meeting to discuss his reasonable accommodation request, but he did not respond, and the agency closed out his reasonable accommodation request. I-3 AF, Tab 20 at 92.

OWCP referred the appellant to another orthopedic surgeon for a second opinion assessment in connection with his traumatic injury claim to determine the nature of his condition, the extent of his disability, and the appropriate treatment. I-3 AF, Tab 15 at 65. The appellant attended the appointment on February 24, 2016. I-3 AF, Tab 14 at 140, Tab 15 at 13-24. In this second opinion evaluation, the orthopedic surgeon stated that the appellant could return to work in a sedentary capacity with a 10-pound restriction on lifting, pushing, and pulling for up to 8 hours per day, and he later provided an April 19, 2016 work capacity evaluation reflecting that the appellant could return to work with those restrictions. I-3 AF, Tab 14 at 141, Tab 15 at 24.

On May 3, 2016, the appellant requested reasonable accommodation consistent with the restrictions articulated in the April 19, 2016 work capacity evaluation. I-3 AF, Tab 20 at 91, Tab 34 at 11. On May 6, 2016, the agency offered the appellant a limited-duty assignment performing "distribution clerk duties within restrictions" with a 10-pound limit on lifting, pulling, and pushing. IAF, Tab 6 at 105. The appellant did not respond to this job offer. *Id.*; HCD (testimony of the Customer Services Supervisor). On June 10, 2016, the agency offered the appellant another limited-duty assignment based on his restrictions as identified in both OWCP second opinions performing, in pertinent part,

"distribution clerk duties within restrictions" for up to 4 hours. I-3 AF, Tab 9 at 18. The appellant did not accept this job offer. I-3 AF, Tab 34 at 8.

On June 15, 2016, the Customer Services Supervisor performed a search for work within the La Puente Post Office within the appellant's restrictions but did not find any available work.[2] IAF, Tab 6 at 103. In two OWCP Forms CA-17 dated June 29, 2016—one for the appellant's traumatic injury and one for his occupational illness—the appellant's treating physician indicated that he could return to work with restrictions. *Id.* at 102; I-3 AF, Tab 20 at 50. Specifically, the physician stated that the appellant could perform sedentary work for 4 hours per day with a 10-pound limitation on pushing, pulling, and lifting and no overhead work, casing, or repetitive use of his hands. IAF, Tab 6 at 102; I-3 AF, Tab 20 at 50.

On June 30, 2016, the appellant filed the instant appeal arguing that the agency improperly denied his request for restoration.[3] IAF, Tab 1, Tab 5 at 4. The agency continued its search for work for the appellant within his medical restrictions. IAF, Tab 6 at 101; HCD (testimony of the Customer Services Supervisor and the Rehabilitation Program Coordinator). In particular, on July 13, 2016, the agency conducted a 50-mile geographic search that included facilities within and outside the Santa Ana District boundaries for limited-duty work, using the updated medical restrictions. I-3 AF, Tab 29 at 17-55, Tab 36, Initial Decision (ID) at 9. On August 10, 2016, the agency notified the appellant

---

[2] Although the worksheet documenting the appellant's supervisor's search for available work reflects that she searched for work consistent with the second opinion dated June 3, 2016, it appears from the listed restrictions that she is referring to the April 19, 2016 work capacity evaluation, which the agency received on June 3, 2016. IAF, Tab 6 at 103; I-3 AF, Tab 20 at 31.

[3] Pursuant to the appellant's request for an extension of time to complete discovery, the administrative judge dismissed the appeal without prejudice. IAF, Tab 9. The appeal was automatically refiled on October 12, 2016. *Cayanan v. U.S. Postal Service*, MSPB Docket No. SF-0353-16-0599-I-2, Appeal File (I-2 AF), Tab 2. The appellant then requested an additional extension of time for medical reasons, and the administrative judge dismissed the appeal without prejudice for a second time. I-2 RAF, Tab 6, Initial Decision. The appeal was automatically refiled on December 5, 2016. I-3 AF, Tab 1.

that it was unable to find limited-duty work for him, either within the facility or within the local commuting area. I-3 AF, Tab 15 at 162.

On January 9, 2017, the agency offered the appellant a limited-duty assignment to train as a Passport Acceptance Agent. I-3 AF, Tab 29 at 58. The appellant accepted this job offer on January 12, 2017. *Id.* However, he did not pass the training required for the position. HCD (testimony of the Rehabilitation Program Committee Lead). Around January 19, 2017, the agency returned the appellant to work in a different assignment. I-3 AF, Tab 22 at 4; HCD (testimony of the Rehabilitation Program Coordinator).

The administrative judge found that the appellant established jurisdiction over the denial of restoration claim related to his status as a partially recovered employee. ID at 6; IAF, Tab 7. After holding the appellant's requested hearing, the administrative judge issued an initial decision finding on the merits that the appellant proved the following: (1) he was absent from his official position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; and (3) the agency denied his restoration request on August 10, 2016, when it notified him that it was unable to find limited-duty work for him. ID at 7. However, the administrative judge found that the appellant failed to show that the agency's denial of restoration was arbitrary and capricious. ID at 8-15. The administrative judge also found that the appellant failed to establish his discrimination and retaliation affirmative defenses. ID at 15-25. The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 3, 5.[4]

---

[4] For the first time on review, the appellant has submitted a copy of chapter 5 of the Employee and Labor Relations Manual. PFR File, Tab 3 at 11-346. Because the appellant has not shown that this document was unavailable below despite his due diligence, we decline to consider it for the first time on review. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (providing that, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition

**ANALYSIS**

<u>We affirm the administrative judge's determination that the appellant did not prove his restoration claim, as modified to apply the Board's recent case law.</u>

The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016); *see* 5 U.S.C. § 8151(b). Under OPM's regulations, such employees have different substantive rights based on whether they have fully recovered, partially recovered, or are physically disqualified from their former or equivalent positions. *Kingsley*, 123 M.S.P.R. 365, ¶ 9; 5 C.F.R. § 353.301. Partially recovered employees, like the appellant, are those who, "though not ready to resume the full range" of duties, have "recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements." *Kingsley*, 123 M.S.P.R. 365, ¶ 9 (quoting 5 C.F.R. § 353.102).

OPM's regulations require that agencies "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." *Id.*, ¶ 10 (quoting 5 C.F.R. § 353.301(d)). To establish jurisdiction over a claim of denial of restoration as a partially recovered employee, an appellant is required to make nonfrivolous allegations[5] of the following: (1) he was absent from his position due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of him; (3) the agency denied his request for restoration; and

_____

for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

[5] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

(4) the denial was arbitrary and capricious. *Kingsley*, 123 M.S.P.R. 365, ¶ 11; 5 C.F.R. § 1201.57(a)(4), (b). Once an appellant establishes jurisdiction, he is entitled to a hearing at which he must prove the merits of his restoration appeal, i.e., all four of the above elements, by a preponderance of the evidence.[6] *Kingsley*, 123 M.S.P.R. 365, ¶¶ 11-12; 5 C.F.R. § 1201.57(c)(4).

After the administrative judge issued his initial decision, the Board issued a decision clarifying the fourth criterion in partial restoration appeals. *Cronin v. U.S. Postal Service*, 2022 MSPB 13. The Board overruled *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012), and its progeny to the extent such precedent held that a denial of restoration may be arbitrary and capricious based on an agency's failure to comply with its self-imposed restoration obligations, such as those provided in the agency's Employee and Labor Relations Manual (ELM). *Cronin*, 2022 MSPB 13, ¶ 20. Accordingly, an agency's denial of restoration is only arbitrary and capricious if it failed to make every effort to search within the local commuting area for vacant positions to which it could restore the employee and to consider him for any such vacancies.[7] *Id.*, ¶¶ 20-21. The Board in *Cronin* also clarified that claims of prohibited discrimination or reprisal cannot serve as an alternative means of showing that a denial of restoration was arbitrary and capricious. *Id.*, ¶ 21. Because the Board issued *Cronin* while this petition for review was pending, it is given retroactive effect and applies to this appeal. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 18 n.8. Therefore, as discussed below, we modify the initial decision to apply the Board's decision in *Cronin*.

---

[6] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[7] The appellant's reference to *Latham* and the agency's self-imposed ELM requirements in his petition for review is, therefore, unpersuasive. PFR File, Tab 3 at 6, 8; I-3 AF, Tab 21 at 62.

*We affirm the administrative judge's finding that the agency did not deny the appellant restoration through June 10, 2016.*

As noted above, the agency offered the appellant limited-duty assignments performing distribution clerk duties "within restrictions" on February 13, May 6, and June 10, 2016, but the appellant did not accept any of these job offers. IAF, Tab 6 at 105-06, 113-14; I-3 AF, Tab 9 at 18; HCD (testimony of the Rehabilitation Program Coordinator and the Customer Service Supervisor). In the initial decision, the administrative judge found that the agency's job offers on February 13, May 6, and June 10, 2016 fulfilled its restoration obligation because they were consistent with the medical restrictions provided in the applicable OWCP second opinions. ID at 13-14. On review, the appellant does not challenge the administrative judge's determination that the February 13 and May 6, 2016 offers were not "so unreasonable" as to constitute a denial of restoration, and we discern no basis to disturb this finding.

Indeed, the Board has found that there is no denial of restoration when the appellant does not accept a valid restoration job offer. *See Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶¶ 4, 15 (2016) (finding that when an appellant accepted, but never reported for duty in a limited-duty assignment, she failed to nonfrivolously allege that the agency denied her restoration); *Ballesteros v. U.S. Postal Service*, 88 M.S.P.R. 428, ¶¶ 7-12 (2001) (concluding that the Board lacked jurisdiction over a restoration appeal when the appellant rejected the rehabilitation job offer). Nonetheless, a restoration job offer may be deemed so unreasonable as to amount to an effective denial of restoration. *See Kingsley*, 123 M.S.P.R. 365, ¶ 13. For example, a job offer that requires an appellant to perform duties outside of his medical restrictions is tantamount to a denial of restoration. *Paszko v. U.S. Postal Service*, 119 M.S.P.R. 207, ¶ 9 (2013). When, as here, OWCP has not made a ruling on the medical suitability of a job offer, the Board is free to make an independent finding on this matter. *Id.*, ¶ 12; *Ballesteros*, 88 M.S.P.R. 428, ¶ 9. To show that an agency's restoration job offer

is unreasonable, an appellant must present specific, independent evidence corroborating his allegations. *See Foley v. U.S. Postal Service*, 90 M.S.P.R. 206, ¶ 6 (2001) (setting forth this requirement at the jurisdictional stage).

We have considered the appellant's reassertion on review that the June 10, 2016 job offer was not within his medical restriction of sedentary duties because it would have required him to stand and walk. PFR File, Tab 3 at 7. In the initial decision, the administrative judge found this argument unavailing because the offer was limited to distribution duties "within restrictions," and the appellant failed to proffer any credible evidence that the offer would require him to perform nonsedentary work. ID at 14-15. The administrative judge's findings are supported by the record. *See, e.g.*, I-3 AF, Tab 9 at 18 (noting that the June 10, 2016 limited-duty job offer did not expressly limit the appellant to sedentary duties, but it provided, among other things, that he would "[p]erform distribution clerk duties within restrictions" and that the duties were "[b]ased on [the] second opinion for both cases per employee/representative request");[8] I-3 AF, Tab 14 at 141; HCD (testimony of the Customer Services Supervisor) (explaining that there are sedentary distribution clerk duties, such as writing second notices, the job offer was based on the appellant's medical restrictions, and he would not be asked to work outside of his restrictions).

We agree and further find that the appellant's speculation on review that the job offer would have required him to stand and walk, despite being limited to duties "within restrictions," falls short of his burden to present specific, independent evidence corroborating his allegation that the job offer exceeded his medical restrictions.[9] *See Foley*, 90 M.S.P.R. 206, ¶ 6. Thus, we find no basis to

---

[8] As discussed above, the December 17, 2015 second opinion for the appellant's occupational illness imposed additional medical restrictions. I-3 AF, Tab 13 at 130.

[9] Although the appellant's treating physician did not remove him from TTD status until June 29, 2016, the appellant does not contend that he could not perform any duties during this time, only that he had to perform sedentary duties. PFR File, Tab 3; IAF, Tab 6 at 102, 104, 108-10, 115-21; I-3 AF, Tab 20 at 50, Tab 34 at 8.

disturb the administrative judge's determination that the June 10, 2016 job offer was not "so unreasonable" as to constitute an effective denial of restoration. Accordingly, under the circumstances present here, we find that the agency did not deny him restoration on this date.

> *We affirm, as modified, the administrative judge's determination that the agency did not violate its restoration obligations between June 11, 2016, and January 8, 2017, to find that a Customer Care Agent position at the LACCC is not within the Board's scope of review.*

Between the appellant's rejection of a valid job offer on June 10, 2016, and the agency's offer of a Passport Acceptance Agent position on January 9, 2017, the agency made no additional job offers to the appellant. The administrative judge found that the any denial of restoration during this period was not arbitrary and capricious because the agency conducted an appropriate facility-wide search in June 2016 and local commuting area search in July 2016. ID at 8-13. On August 10, 2016, the agency informed the appellant that it had been unable to find any work within his restrictions during its search. I-3 AF, Tab 15 at 162.

The administrative judge noted that the appellant did not challenge the geographic scope of the local commuting area or assert that the agency's July 13, 2016 search failed to encompass the local commuting area. ID at 10. The appellant does not contest these findings on review, and we do not revisit them here. Rather, the appellant reasserts on review his claim that he could have performed work at the LACCC as a Customer Care Agent. PFR File, Tab 3 at 8-9; I-3 AF, Tab 7 at 9. We are not persuaded.

In its *Cronin* decision, the Board concluded that it lacks jurisdiction over claims that the agency failed to restore partially recovered employees to duty in whatever tasks are available regardless of whether those tasks comprise the essential functions of an established position. *Cronin*, 2022 MSPB 13, ¶¶ 15-20. Rather, the agency's efforts to find work that did not constitute the essential functions of an established and vacant position cannot form the basis of a

restoration claim before the Board. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶¶ 17-18.

The administrative judge found that the agency was not required to search the LACCC for positions, even though it fell within the local commuting area, for a number of reasons. ID at 10-11. As most relevant to our discussion here, he reasoned that non-bid positions at the LACCC were reserved for injured employees who had reached maximum medical improvement. ID at 10-11. Because the appellant had not reached maximum medical improvement, the administrative judge concluded that the agency's failure to include the LACCC as part of its July 13, 2016 local commuting area search was not arbitrary and capricious. ID at 11.

We find it unnecessary to determine whether the administrative judge properly concluded that the agency's failure to include the LACCC in its search was not arbitrary and capricious because the appellant was still improving following his injuries. Instead, we conclude that the appellant could not perform the essential functions of a Customer Care Agent. Customer Care Agents receive and respond to customer telephone and email inquiries. I-3 AF, Tab 29 at 62. An OWCP Rehabilitation Counselor conducted a job analysis describing the physical requirements of the Customer Care Agent position. *Id.* at 62-66; HCD (testimony of the Acting Manager of Support); *see Smart v. Department of the Navy*, 92 M.S.P.R. 120, ¶ 11 (2002) (explaining that OWCP, not the employing agency or the Board, possesses the requisite expertise to evaluate whether a position is suitable in light of the employee's particular medical condition). The duties required up to 8 hours of intermittently grasping and moving a computer mouse, and fine manipulation up to 8 hours of using a keyboard. I-3 AF, Tab 29 at 62, 66. Ability to use a keyboard and mouse were essential to the position. HCD (testimony of the Acting Manager of Support). In particular, the job required typing in the names, addresses, and case numbers of customers calling the LACCC, and making notes of those calls. I-3 AF, Tab 29 at 66. It also required

using a mouse to access pull-down menus on a computer screen. *Id.* Although the typing and use of the mouse was intermittent, the Rehabilitation Counselor indicated that the total amount of time spent on these activities was 3.2 hours in an 8-hour shift. *Id.* at 62, 66.

These physical demands—which the appellant does not challenge on review—are inconsistent with his doctor's concurrent OWCP Form CA-17, which indicated that the appellant should "avoid repetitive use of hands." I-3 AF, Tab 20 at 50. Because the appellant could not perform these essential duties of the Customer Care Agent position, the agency's failure to offer him the position cannot form the basis of a finding that it denied him restoration, as it falls outside of our scope of review. The administrative judge's different explanation for why the agency did not violate the appellant's restoration rights in connection with its failure to search the LACCC does not provide a basis to reverse the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>We affirm, as modified, the administrative judge's determination that the appellant did not prove his affirmative defenses.</u>

The appellant argued below that the agency discriminated against him based on his age, disability, and race, and retaliated against him for requesting reasonable accommodation. IAF, Tab 5 at 5; I-3 AF, Tab 7 at 4. In the initial decision, the administrative judge found that the appellant failed to proffer "even a scintilla" of evidence suggesting a discriminatory or retaliatory motive on the part of the agency and thus concluded that he failed to prove his discrimination and retaliation claims. ID at 20, 25. The administrative judge also found that the appellant failed to prove that the agency improperly denied his reasonable accommodation requests.[10] ID at 18.

---

[10] In *Desjardin*, 2023 MSPB 6, ¶ 25, the Board stated that the Board's jurisdiction over discrimination claims in connection with an alleged denial or restoration extends only to an agency's failure to restore the appellant due to its failure to properly search the local

Since the initial decision was issued, the Board clarified the standards for evaluating claims of discrimination and retaliation in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31. As explained in *Pridgen*, an appellant can prove disparate treatment discrimination based on age, race, and disability by showing that the prohibited consideration was at least a motivating factor in the agency action. *Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 40, 42. On review, the appellant does not specifically challenge the administrative judge's assessment of his claims of age and race discrimination. PFR File, Tab 3. Further, notwithstanding the fact that he did not have the benefit of *Pridgen*, we find the administrative judge's analysis of the appellant's age and race claims consistent with that decision. ID at 18-25. Therefore, we decline to reconsider his determination that the appellant failed to prove discrimination based on age or race.

Regarding the appellant's claim of reprisal for equal employment opportunity (EEO) activity, the administrative judge identified the appellant's reasonable accommodation requests as the only EEO activity, ID at 20, and the appellant does not challenge this statement on review. After the initial decision was issued, the Board clarified that an appellant alleging retaliation for requesting a reasonable accommodation must prove "but-for" causation, i.e., that the agency would not have taken the same action in the absence of his accommodation request. *Pridgen*, 2022 MSPB 31, ¶¶ 44-48. Applying the Board's case law at the time, the administrative judge found that the appellant did not prove that his reasonable accommodation requests were a motivating factor. ID at 20. The appellant does not reassert his claim on review. An appellant who fails to prove motivating factor necessarily fails to meet the more stringent "but-for" standard.

commuting area for vacant positions to which it could have reassigned him. Here, because we have affirmed the administrative judge's finding that the agency did not violate this restoration obligation, we recognize that there is a question as to whether we have jurisdiction over his EEO claims. However, we need not reach that issue here. Even considering the appellant's claims, as we do below, we agree with the administrative judge that he failed to prove them on the merits.

*Desjardin*, 2023 MSPB 6, ¶ 33. Accordingly, except as modified to find that the appellant did not prove his requests for accommodation were a "but-for" cause of the alleged denial of restoration, we decline to disturb the administrative judge's determination on this claim.

On review, the appellant challenges the administrative judge's analysis of his claims of failure to accommodate and disparate treatment disability discrimination. PFR File, Tab 3 at 8-9. Both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29. A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Haas*, 2022 MSPB 26, ¶ 28. The administrative judge found that the appellant failed to prove he was qualified for his prior or a vacant position that he desired. ID at 14-18. Therefore, he concluded that the appellant did not prove his disability discrimination claims.

The appellant does not dispute the administrative judge's determination that he could not perform the duties of the Sales/Services Distribution Associate position that he held at the time he was injured, even with accommodation. ID at 16-17; PFR File, Tab 3 at 8-9. He also does not provide any specific reason to find error with the administrative judge's determination that he did not identify any other vacant position during the relevant timeframe for which he could perform the essential functions.[11] ID at 17; PFR File, Tab 3 at 8-9. Instead, the appellant argues that he could have performed "duties" of different jobs. We find

---

[11] The appellant's arguments on review that the administrative judge made "improper determinations" regarding his discrimination and retaliation claims and that the agency violated the Rehabilitation Act by requiring employees to reach maximum medical improvement to be eligible for a rehabilitation assignment at the LACCC provide no basis to disturb this finding. PFR File, Tab 3 at 7-9.

that the appellant provides no basis to find error in the administrative judge's determination that he did not prove his disability discrimination claims. *See Desjardin*, 2023 MSPB 6, ¶ 29 (concluding that an appellant failed to prove his disparate treatment and reasonable accommodation disability discrimination claims because he did not allege he could perform the essential functions of his position with or without accommodation, and there was no evidence of any vacant position he could perform within his medical restrictions, even with a reasonable accommodation).

The appellant's other arguments on review provide no basis for review.

On review, the appellant argues that the administrative judge failed to consider all of his pleadings. PFR File, Tab 3 at 6. The appellant has not identified any particular pleading that the administrative judge failed to consider or shown that any such error affected the outcome of the appeal. *See Panter*, 22 M.S.P.R. at 282. Accordingly, this argument provides no basis to disturb the initial decision.

The appellant also argues that the administrative judge "made improper determinations regarding the Agency's [f]ailure to provide the Appellant with his requested discovery." PFR File, Tab 3 at 8. The record does not indicate that the appellant preserved any objection to the administrative judge's discovery rulings, as required to preserve the alleged error for the Board's review. *Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 14 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009). Further, administrative judges have broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *Id.* Additionally, even if the administrative judge abused his discretion concerning his rulings below, the appellant must show how that error affected the result reached in his appeal. *Id.* Here, the administrative judge considered each of the appellant's challenges to the agency's discovery responses but found that the appellant's requests for admission, document production, and interrogatories were redundant, duplicative, irrelevant,

vague, or overbroad. I-3 AF, Tab 28 at 1-2. Thus, he denied the appellant's motions to compel. *Id.* The appellant's mere disagreement with the administrative judge's findings on review provides no basis to find that he abused his discretion or, even if he did, that such abuse of discretion affected the outcome in this appeal. *See Vores*, 109 M.S.P.R. 191, ¶ 14. Accordingly, this argument likewise provides no basis to disturb the initial decision.

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.